IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

PURDUE PHARMA L.P.,                    )
                                        )
                Plaintiff,              )
                                        )
        v.                              )   C.A. No. _____
                                        )
ALVOGEN PINE BROOK, INC.,               )
                                        )
                Defendant.              )

## COMPLAINT

Plaintiff Purdue Pharma L.P. ("Purdue Pharma" or "Plaintiff"), for its Complaint against Defendant Alvogen Pine Brook, Inc. ("Alvogen" or "Defendant"), avers as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code, for infringement of United States Patent Nos. 9,056,052 (the "'052 patent) and 9,060,940 (the "'940 patent"). This action relates to Abbreviated New Drug Application ("ANDA") No. 208269 ("Defendant's ANDA") submitted upon information and belief in the name of Alvogen Pine Brook, Inc. to the United States Food and Drug Administration ("FDA"). Defendant's ANDA seeks approval to market a generic version of Purdue's Hysingla® ER (hydrocodone bitartrate) ("Hysingla®"), which is the subject of approved NDA No. 206627, in the 20 mg, 30 mg, 40 mg, 60 mg, 80 mg, 100 mg and 120 mg dosage strengths ("Defendant's ANDA Products").

2.      On August 5, 2015, Purdue Pharma filed a related complaint against Defendant, C.A. No. 15-687-GMS, for patent infringement of United States Patent Nos. 6,733,783 (the "'783 patent"); 8,361,499 (the "'499 patent"); 8,551,520 (the "'520 patent");

8,647,667 (the "'667 patent"); 9,023,401 (the "'401 patent"); 8,529,948 (the "'948 patent"); 8,808,740 (the "'740 patent"); and 8,309,060 (the "'060 patent"). The previous action was filed in connection with Defendant's ANDA, which contained a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '783, '499, '520, '667, '401, '948, '740, and '060 patents, listed in FDA's *Approved Drug Products With Therapeutic Equivalence Evaluation* ("Orange Book"), *inter alia*, as covering the use of Hysingla®, are "invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer for sale or importation of" products described in Defendant's ANDA.

## THE PARTIES

3.     Purdue Pharma is a limited partnership organized and existing under the laws of the State of Delaware, having a place of business at One Stamford Forum, 201 Tresser Boulevard, Stamford, Connecticut 06901-3431. Purdue Pharma is the owner of the '052 and '940 patents, identified in paragraphs 10-11 below. Purdue Pharma is also the holder of approved NDA No. 206627 for Hysingla®, indicated for the management of pain severe enough to require daily, around-the-clock, long-term opioid treatment in patients for whom alternative treatment options are inadequate. Purdue Pharma sells Hysingla® in the United States.

4.     On information and belief, Defendant is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 10B Bloomfield Ave, Pine Brook, NJ 07058.

## SUBJECT MATTER JURISDICTION AND VENUE

5.     This action arises under the patent laws of the United States, including 35 U.S.C. § 271 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

## PERSONAL JURISDICTION

8. This Court has personal jurisdiction over Defendant by virtue of, *inter alia*, its incorporation in Delaware and its systematic and continuous marketing, manufacturing, and distributing of, *inter alia*, generic pharmaceutical products in Delaware.  In addition, Defendant has previously submitted to the jurisdiction of this judicial district and has asserted counterclaims in civil actions initiated in this jurisdiction.  *See, e.g.*, *Novartis Pharm. Corp. v. Alvogen Pine Brook, Inc.*, C.A. No. 13-052-RGA (D. Del. Jan. 31, 2013) (D.I. 14); *Reckitt Benckiser Pharm., Inc. v. Alvogen Pine Brook, Inc.*, C.A. No. 13-2003-RGA (D. Del. Feb. 4, 2014) (D.I. 30).

9. This Court further has personal jurisdiction over Defendant by virtue of the fact that Defendant has committed, or aided, abetted, contributed to, and/or participated in the commission of, the tortious act of patent infringement that has led to foreseeable harm and injury to Purdue Pharma, which is a limited partnership organized and existing under the laws of the State of Delaware.

## THE PATENTS-IN-SUIT

10. Purdue Pharma is the lawful owner of all right, title, and interest in the '052 patent, titled "CONTROLLED RELEASE HYDROCODONE FORMULATIONS," including the right to sue and to recover for past infringement thereof.  The '052 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627.

3

A copy of the '052 patent, attached hereto as Exhibit A, was duly and legally issued on June 16, 2015, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred Tonelli as the inventors.

11. Purdue Pharma is the lawful owner of all right, title, and interest in the '940 patent, titled "CONTROLLED RELEASE HYDROCODONE," including the right to sue and to recover for past infringement thereof. The '940 patent is listed in the Orange Book as covering Hysingla®, which is the subject of approved NDA No. 206627. A copy of the '940 patent, attached hereto as Exhibit B, was duly and legally issued on June 23, 2015, naming Benjamin Oshlack, Hua-Pin Huang, John K. Masselink, and Alfred Tonelli as the inventors.

## DEFENDANT'S ANDA

12. On information and belief, on or before June 19, 2015, Alvogen filed Defendant's ANDA under § 505(j) of the Federal Food, Drug, and Cosmetic Act (21 U.S.C. § 355(j)), seeking approval to engage in the commercial manufacture, use, sale, offer for sale, or importation of Defendant's ANDA Products, generic products based on the Reference Listed Drug Hysingla®, which is the subject of approved NDA No. 206627.

13. On information and belief, on or before July 23, 2015, Defendant submitted an amendment to Defendant's ANDA with a "Paragraph IV" certification under 21 U.S.C. § 355(j)(2)(A)(vii)(IV) alleging that the '052 and '940 patents, listed in the FDA's Orange Book, *inter alia*, as covering Hysingla® and its use, which is the subject of approved NDA No. 206627, are "invalid, unenforceable, and/or will not be infringed by the manufacture, use, sale, offer for sale or importation of" the drug products described in Defendant's ANDA.

14. In a letter dated July 23, 2015 addressed to Purdue Pharma and received by Purdue Pharma on or about July 24, 2015, Defendant provided what purports to be

4

"Notification Pursuant to Section 505(j)(2)(B) of the Federal Food, Drug, and Cosmetic Act" with respect to Defendant's ANDA and Defendant's ANDA Products, and the '052 and '940 patents ("Notice Letter").

15. Defendant's submission of Defendant's ANDA No. 208269 was an act of infringement of the '052 and '940 patents under the United States Patent Law, 35 U.S.C. § 271(e)(2)(A).

16. Purdue Pharma is commencing this action within the 45 day period after receiving the Notice Letter as described in 21 U.S.C. § 355(j)(5)(B)(iii).

## FIRST CLAIM FOR RELIEF
### (Patent Infringement of U.S. Patent No. 9,056,052)

17. Purdue Pharma incorporates by reference and realleges paragraphs 1 through 16 above as though fully restated herein.

18. Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208269 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '052 patent by Defendant.

19. Defendant's ANDA Products are covered by one or more claims of the '052 patent.

20. If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '052 patent under 35 U.S.C. § 271(a)-(c).

21. Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '052 patent.

5

22.     On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '052 patent.

23.     On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

24.     If approved by the FDA, Defendant will intentionally encourage acts of direct infringement of the '052 patent by others, with knowledge that their acts are encouraging infringement.

25.     Upon information and belief, Defendant has been aware of the existence of the '052 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '052 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

26.     Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '052 patent.  Purdue Pharma does not have an adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**(Patent Infringement of U.S. Patent No. 9,060,940)**

27.     Purdue Pharma incorporates by reference and realleges paragraphs 1 through 26 above as though fully restated herein.

28.     Pursuant to 35 U.S.C. § 271(e)(2), Defendant's submission of ANDA No. 208269 to the FDA seeking approval of Defendant's ANDA Products was an act of infringement of the '940 patent by Defendant.

29.     Defendant's ANDA Products, or the use thereof, are covered by one or more claims of the '940 patent.

30.     If approved by the FDA, Defendant's commercial manufacture, use, importation, sale, and/or offer for sale of Defendant's ANDA Products will infringe, contribute to the infringement of, and induce the infringement of one or more claims of the '940 patent under 35 U.S.C. § 271(a)-(c).

31.     Defendant's ANDA Products constitute a material part of the inventions covered by the claims of the '940 patent.

32.     On information and belief, Defendant knows that Defendant's ANDA Products are especially made or especially adapted for use in the infringement of one or more claims of the '940 patent.

33.     On information and belief, Defendant has had and continues to have knowledge that there is no substantial non-infringing use for Defendant's ANDA Products.

34.     The administration of Defendant's ANDA Products by any healthcare providers, including, but not limited to doctors, physicians, and nurse practitioners ("Healthcare Providers"), and patients, for the treatment of pain, will directly infringe one or more claims of the '940 patent.

35.     Defendant's proposed label for Defendant's ANDA Products will explicitly instruct Healthcare Providers and patients to use Defendant's ANDA Products in a manner that will directly infringe one or more claims of the '940 patent.

36.     If Defendant's ANDA Products are approved by the FDA, Defendant will actively induce others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '940 patent.  Since at least the date of the Notice Letter, Defendant has acted with knowledge, or at least with willful blindness of the fact, that the induced acts would constitute infringement of the '940 patent.

37.     Defendant intends to cause direct infringement by others, *e.g.*, Healthcare Providers and patients.

38.     If Defendant's ANDA Products are approved by the FDA, Defendant will take affirmative steps to induce infringement by, among other things, instructing Healthcare Providers and patients, through Defendant's proposed label, to use Defendant's ANDA Products in a manner that directly infringes one or more claims of the '940 patent.  Thus, Defendant will aid, abet, urge, or encourage others including, *e.g.*, Healthcare Providers and patients, to directly infringe one or more claims of the '940 patent, and Defendant will affirmatively and specifically intend to cause direct infringement.

39.     Upon information and belief, Defendant has been aware of the existence of the '940 patent, and has no reasonable basis for believing that Defendant's ANDA Products will not infringe the '940 patent, thus rendering the case "exceptional," as that term is used in 35 U.S.C. § 285.

40.     Unless Defendant is enjoined by the Court, Purdue Pharma will be substantially and irreparably harmed by Defendant's infringement of the '940 patent.  Purdue Pharma does not have an adequate remedy at law.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Adjudging that Defendant has infringed one or more claims of each of the '052 and '940 patents, and that the commercial sale, offer for sale, use, importation, and/or manufacture of Defendant's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the '052 and '940 patents;

8

B.      Adjudging, pursuant to 35 U.S.C. § 271(e)(4)(A), the effective date of any approval of ANDA No. 208269 and Defendant's ANDA Products, under § 505(j) of the Federal Food, Drug and Cosmetic Act (21 U.S.C. § 355(j)), to be a date not earlier than the last date of expiration of the '052 and '940 patents, plus any additional periods of extension or exclusivity attached thereto;

C.      Preliminarily and permanently enjoining, pursuant to 35 U.S.C. §§ 271(e)(4)(B) and 283 and Rule 65, Fed. R. Civ. P., Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, other related business entities, and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from any commercial manufacture, use, offer to sell, or sale within the United States, or importation into the United States, of any drug product that is the subject of ANDA No. 208269, including Defendant's ANDA Products or any other drug product that infringes the '052 and '940 patents;

D.      Declaring this an exceptional case and awarding Plaintiff its attorneys' fees and costs, as provided by 35 U.S.C. §§ 271(e)(4) and 285; and

E.      Awarding Plaintiff such other and further relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com

OF COUNSEL:

John J. Normile
Gasper J. LaRosa
Kenneth S. Canfield
Lisamarie LoGiudice
Sarah A. Geers
JONES DAY
222 East 41st Street
New York, NY  10017
(212) 326-3939

*Attorneys for Plaintiff Purdue Pharma L.P.*

Jason G. Winchester
JONES DAY
77 West Wacker Drive
Chicago, IL  60601
(312) 269-4373

September 4, 2015